Good morning, Your Honors. Matt Campbell on behalf of Mr. Clark. I'd like to start with what I believe is the primary error in this case, and that it is that the district court utilized neither the categorical nor the modified categorical approach in sentencing Mr. Clark. Specifically, after considerable briefing by the parties and a considerable argument, and I'm looking primarily at excerpts page 250, the district court said, and I quote, by any stretch of the imagination, it seems to me that the conduct that occurred here by definition is involved sexual exploitation of children, whether it's state law, federal law, or both. So immediately the district court focused on conduct. As DeCamp and other cases dating all the way back to Taylor make clear, that is not the categorical approach. The categorical approach deals with elements and not conduct. And what is conspicuously absent from the transcripts is any mention by the district court of the word element. In fact, I searched through the transcripts with a find feature. The district court never uses the word element at all in the entire argument. So the court is not taking a categorical approach. What it appears to do next, the next sentence, and I do agree with the government that the affidavit that was supplied incident to sentencing can be considered by the court. The court immediately switched to a modified categorical approach and used an affidavit that is not a Shepard document in order to come to the finding. And then third, what I believe is the trifecta. I would agree with you that the district court stepped over the line. Don't we run the same analysis ourselves? This is not a question of discretion. This is a question of law. That's correct, Your Honor. It is a question of law. So it really doesn't matter whether or not the district court did or didn't get it right. Well, admittedly, I mean, you know, it's nice to sort of poke with a stick at the district judge, but ultimately it doesn't matter. Correct. Why don't you tell us how to do it right? Certainly, Your Honor. I mean, you know, there's no point in trying to figure out if the district court did or didn't. I mean, the question is whether or not the judgment can be sustained. Agreed. When we apply the analysis ourselves, right? Agreed. Our position is that under the categorical approach as applied to this case, there is no categorical match. It's clear under this circuit's case law, scenarios, files, as well as Supreme Court case law and other context, that we have to use a categorical approach. In this case... For example, the statute which increases the penalty here doesn't define a crime, does it? It says crimes relating to sexual exploitation, right? That is correct, Your Honor. So since it doesn't define a crime, why are we looking for a federal matching crime under the categorical approach? The question is, is the prior conviction or are the prior convictions, there were two of them, of child pornography in the common sense lexicon crimes involving the sexual exploitation of a child? Isn't that it? Respectfully, Your Honor... I mean, you're saying it doesn't fit into a mold which I don't think we have to look at. Respectfully, Your Honor, I do think that, while I understand the question, that there is some categorical approach that needs to be employed. But a categorical approach is categorically examining the elements of the state crime... Yes. ...and the elements of the federal crime and seeing whether the elements of the state crime allow for conviction under conduct which is not a basis of conviction under the federal crime. Agreed. That's not this case. This case is a description of crimes relating to sexual exploitation. You can't be indicted for sexual exploitation, can you? Yes, you can. There is a crime. So what you're saying is that's the crime we have to match to? Your Honor, I think... What statute is that? 18 U.S.C. 2251 is entitled Sexual Exploitation of Children. Chapter 110 of Title 18 is entitled Sexual Exploitation and Other Abuse Against Children. So one of the problems, admittedly, is that I think this 2251E is an incredibly poorly drafted statute. However, I think that the problem... Either poor or very cleverly drafted statute, right? I suppose depending on one's point of view. I see the AUSA smiling. I'm sure. No, but that's, you know, when you say poorly drafted, the question is does it carry out the will of the legislature? And maybe that's really what they had in mind. They didn't want to be locked into a situation where we had to go matching state crime. They said, well, we're going to find something more generic, and we're going to use the word relating to, and saves the federal courts from having to do this little dance every time as to whether or not it matches, doesn't match, and have defense lawyers say, oh, look, here's a hypothetical crime that doesn't match. We're just going to use something else. Maybe this is a solution, not a problem. But in this court, in both Cenarius and Wiles, in analyzing a similar statute, which is 2252A, said that the relating to language did not obviate the need to do the categorical approach. And in that case it used the categorical approach, albeit in a more common sense or colloquial understanding of the term sexual abuse. Sexual exploitation or sexual abuse? In that case, in those cases, it was sexual abuse. It was under 2252A. What I'm saying is there's no indication that the relating to language eliminates the need to do a categorical analysis, which leads us back to the problem in this case is. Well, it may be categorical analysis, but it may simply be a much looser categorical analysis. You still look at the crime categorically. In other words, you don't look at specific facts and specific conduct. Agreed. But you now have a much more capacious mold. Agreed, Your Honor. But in no time did either the district court or even the government in its briefing before this court identify what the elements of sexual exploitation of children would be. But we can do that now, though, under noble review. I suppose we could. And what I'm suggesting is that. No, no, we could. This includes you. I'd like to try. Why don't you suggest to us how we could? What I would suggest is that because this term, sexual exploitation of children, is actually, I would argue, results in more severe consequences, we need to look to a definition that is appropriate under the circumstances. And as Judge Bea had asked, is there sexual exploitation of children? My answer is yes, 2251. One clear reading of this statute would be. Well, you want to key it into a specific federal statute. That's correct, Your Honor. Why not say, look, they use this language relating to, so what we're going to do is we're going to include, we don't need to key it to a particular federal statute. We need to see whether or not when you look at the crime, the state crime, does it relate to, in a colloquial sense, does it relate to sexual exploitation? I made trouble getting that out. Why isn't that the answer? Why isn't the answer pretty easy in this case? Yes, it does. Well, the problem with that is I think if we simply just say, sort of as, or if the court says, in a common sense view, does it seem like it relates to that, then we run afoul of what the Supreme Court in Taylor, in cases since then, has said we cannot do, which is simply look to the label that a state chooses for a crime and say, well, that meets, that sounds about right. If that were the case, then I would say that Taylor and Shepard, which both dealt with burglary, would have come out differently. But in Shepard and Taylor, they keyed in on a specific crime, burglary, robbery, I forget what they are, but, you know, usually say, so what you then is you have to match the federal definition and the general definition, the state definition, and you have to go through an entire analysis of whether or not it matches that crime. But here they use the relating to, and doesn't that sort of broaden the, it doesn't say it has to sort of match a particular federal crime. That's correct, Your Honor, and I do, I'm not going to argue this point, but I do want to say that one of the underlying arguments is that I do believe that Cenarius and Wiles were wrongfully decided for not referring to the specific federal crimes. I understand this is a non-bond court, so I'm not going to press that argument now. But I do think the important thing to understand is that the relating to language existed for Cenarius and Wiles. Nevertheless, this court, in using that language, still required a categorical approach and still determined what the elements of sexual abuse were. That's what is missing here. Nobody has ever determined what the elements of sexual exploitation of children were. It didn't happen at the district court. The government has not offered any elements other than to simply say the titles of the statute seem to match up. Taylor doesn't allow that. What I'm suggesting is, particularly in light of the fact that this enhancement has such, I would argue, draconian results for a defendant, the only logical definition, and certainly the only one that's been offered up until now in this case, is either 2251 or Title 18, Chapter 110. Do we have any second cases dealing with the relating to language? For 2251 or? For any kind. Both Cenarius and Wiles. But my understanding of Cenarius in my reading, and as I said, I haven't gone back and looked at it specifically for that, is that it didn't rely on the relating to language. It relied on the sexual abuse as a generic offense, but it didn't rely on the relating to language. Well, the statute itself, in that case it was, I believe, 2252A, has the exact same language of relating to, and then it lists the different federal and state. But it did not go off on that. That was a ruling against Cenarius, right? I believe so, yes. Yes, it was a Montana statute. So the court comes out without having to rely on the relating to language. I guess the way I understood it is that using the exact same language, it came to the conclusion that nonetheless the categorical approach applied. The first step of a Taylor categorical approach is to identify the generic crimes elements. The court did that, albeit in a more colloquial sense rather than referring to the federal statutes. Then once it determined what those elements were, it compared them to the crime. Having done that, it carried out the categorical approach, albeit not in the exact same way that I would have done it. But if I remember correctly, I'm looking at it now, it did not specifically rely on the relating to language. I don't believe it has an extended discussion of relating to, but what I'm saying is that it's there. It's there. The statute that it used had relating to, and it listed essentially the exact same. But there's no case that tells us what work the relating to language does. Well, I would argue Wiles, which followed scenarios, and I believe is post-Day Camp, dealt with, talked a little bit about relating to, and applied it to an attempt statute, and whether in essence you had to do two categorical analysis, one for the underlying statute, one for attempt, or whether if the categorical analysis found a match for the underlying statute, did the attempt amount to relating to? And in that case, this Court said yes. So I suppose Wiles would be the closest. I'd like to reserve the remainder of my time. Thank you. We'll hear from the government. Good morning, Your Honor. May it please the Court. Hi, Phil. My name is Stephanie Lister. I'm an assistant U.S. attorney for the Eastern District of Washington, and it's my privilege to represent the United States. Do you think this is a poorly drafted statute? No, Your Honor. I think the statute 2251 is broader than the enhancement section under 924E, which is what the Court was using in the Taylor case. If that's the case, how does this give notice to? Don't you have a notice problem? I mean, you know, I don't know how people commit crimes think, but the presumption is that you want to give fair notice to somebody who's contemplating committing a crime that, you know, these are the consequences. And if you give the relating to language such broad construction, does that give sufficient notice to a would-be criminal as to whether or not he would know the consequences of his actions? Don't you have sort of a, I don't want to say exposed factor, but sort of a due process notice problem? Your Honor, I think H. United States Code section 2251 does provide a defendant with notice. 2251 provides that there are three categories of convictions that can be used for enhancement purposes. The first category is if a defendant has a prior conviction under federal law, and 2251 defines particular federal laws that would be used as predicates. Okay, so in that case, it lists specific sections. Exactly. So the guy can look at his own rap sheet and say, do I have one of those? Exactly. No notice problem, okay. But that's not what we're dealing with here. Second category is military convictions, again, specified, but that's not what we're dealing with here. Right. Third category of convictions are state convictions. 2251 provides that if a defendant has a prior state conviction under any state law relating to particular generic offenses, including possession of child pornography, then the defendant's prior conviction can be used for enhancement purposes. 2251 also provides that a defendant convicted of any state conviction relating to the sexual exploitation of children, that prior conviction can be used for enhancement purposes. The government's position is that the prior conviction of the defendant under Washington state law for possession of child pornography is a categorical match to the generic laws defined and explained as predicates in 2251. Also, how is that? Your Honor, excuse me. Because the defendant's state conviction for possession of child pornography is exactly the same type of conviction listed by the court as a state conviction that can be used for enhancement under 2251. 2251 says that if a defendant is convicted of any, of a conviction under any state law relating to the possession of child pornography. So it's your position that the elements don't have to be compared? Absolutely, Your Honor. The elements approach suggested by the defendant should be rejected for three reasons. First, as Judge Baey recognized, this is not a situation where 2251 includes the word element or defines a particular statute. When the court was examining United States v. Taylor, the Supreme Court was looking at the sentencing of a felon who was in possession of a firearm and whether or not the armed criminal provisions under 924E could be applied. The enhancement provisions under 924E are a lot narrower than the provisions under 2251. Because under 924E, a defendant has to have three prior felony convictions for crimes of violence or drug offenses. And in 924E, the statute defines crime of violence as an offense that includes as an element the use of physical force. So it's your position that Taylor does not apply to our analysis in this case? No, Your Honor, let me be clear. I believe the Taylor two-step analysis applies. The Taylor two-step analysis is that first you identify and define the scope of the predicate offense that's used in the enhancement statute. And secondly, you determine whether the prior conviction is a match for the predicate offense. But Taylor is element-driven. Exactly. Because the enhancement used in Taylor was 924E. So when the court in Taylor identified the scope and nature of the predicate offenses, that was under the 924E enhancement, which specifically said that for those prior convictions, they had to include an element of the use of force. And so when 924E specifically provides that language, it has to contain an element, has to be a definition. That is something that those predicate offenses, those burglary offenses, for instance, had to include. So we go back and we look at burglaries and say, is this a crime of violence? Did it occur at night? Et cetera. When we look at the 2251 statute, you and I do believe that it's broader than 951. But I think that that broad interpretation is something Congress intended. Because when they use the generic references to laws that are a violation of sexual exploitation, for instance, child pornography, Congress recognized that no state is going to define child pornography or sexual exploitation in the same exact identical manner as federal law. So Congress's recognizing that provides that it's a generic offense that is going to be a predicate offense that can be used. So how does somebody know who's contemplating committing a crime, whether a court is going to find that his prior father does not fall within the definition? Your Honor, a clear- It's sort of a guess, right? No. This understanding can be read by an ordinary individual using common sense. Because the language in the statute is if you have a prior crime, state crime, in this case the defendant was convicted previously for possession of child pornography. If possession of child pornography relates to a state conviction for possession of child pornography, you're looking at an enhancement. That is the beauty of the statute. It doesn't require a defendant or a court to speculate. Your Honor, you asked, where is that relating to language used and interpreted? It's interpreted by this Court in 2007 in Cineris. It continues to be interpreted by the court in Farmer. Cineris didn't really go off on it. It just mentions it, but then it doesn't really, nothing turns on it. Your Honor, I think it does turn on it, but it wasn't- Where? Your Honor, specifically it says the determination is whether or not the sexual assault relates to sexual abuse. I'm talking, when I say where, I mean page and line. Wills, I can start at Wills, which is at 1199. No, you've heard about Cineris. Why don't you talk to me about Cineris since you have me on Cineris. Yes, Your Honor. Your Honor, on Cineris, if you look at 738, Headnote 1. Well, we don't look at headnotes. Well, if you- Headnotes are put in by somebody else. I'm not in the headnote, Your Honor. I'm just at that particular, that's what marks this section. It's on page 738, Your Honor. 738 is the headnote. Yeah. The opinion starts. It's got to be something that is under, beneath, or scan the circuit judge. I understand. Anything above that is, you know, where the panel is, the state judges on the panel. Before that, it's put in by somebody else. So it's got to be below the- Your Honor, at 730, at 740, excuse me, the court specifically rejects- They mention at 740, but where do they, where does anything come out? I mean, they say this is an introductory paragraph under A, where they quote the relating to language, but I don't see where any of the discussion turns on that. Your Honor, the- If you look, the discussion starts at 742, and it's under the heading 2. Right. And if you look further, the court says that in using this language, an individual must be convicted of a specific Federal offense. However, such individual need only be convicted of State offenses relating to sexual abuse. Who are you reading? Your Honor, I am reading at 741, paragraph that starts further, 2252A. I'm sorry, this is a paragraph that starts with? Starts with further, 2252A, employees. There's no such paragraph. Page 741. Well, then, my page is, it's on page 5 of my, this is a problem with my court records. You'll get an official reporter when you- Yes, Your Honor. Are you sure you can figure out where and- Well, it says we've construed relating to language broadly in the past, interpreting the phrase relating to a controlled substance, for instance. I think what's happened, Your Honor, is in the case of Stinnerus, the State conviction that the court was looking at was sexual assault. This starts on 743, the further paragraph. Starts at the bottom of left-hand column 743. Okay. So where are you reading? Your Honor, if you look at the second sentence, it says an individual must be convicted of a specific Federal offense. However, such individual need only be convicted of a State offense relating to. It goes through analysis of how relating to is defined in Black's Law Dictionary. And then in the middle of that paragraph, it says, we've construed relating to language broadly in the past. Okay. So, again, how does one get notice if that's the case? How does- Because if a defendant has a prior State conviction or possession of child pornography, the statute clearly provides if you have a State conviction- It says child pornography, sexual exploitation, right? Yes, but- It lists several other things. Yes, they're all generic offenses relating to sexual exploitation of children. It says rather it mandates the enhancement for any State offense that stands in some relation, bears upon, or is associated with a generic offense. Do you think that's adequate notice? Exactly, Your Honor. Because if the defendant convicted of possession of child pornography, obviously the State conviction for possession of child pornography relates, bears in some relationship to, or refers to the State generic offense listed in 2251, possession of child pornography. I think it's the Sinneres case, the Wilkes case, the Farmer case, all involve situations where there wasn't an exact match of the language of the statute. For instance, when we look at the Wills case, that was the Montana sexual conviction for attempted sexual assault, and the concern there for the court was the generic offenses listed in 2251 didn't use the word attempt. So then the court had to go back and look at the elements of that prior predicate offense and see if that sexual attempt at sexual assault and somehow related to or stood in relationship to a State conviction generally defined as an actual completed act. The same thing in Farmer. Farmer involved a California prior conviction for lewd and lascivious conduct with a minor. Lewd and lascivious conduct with a minor is not a generic offense specified in 2251. The court said, well, we need to look at the elements of lewd and lascivious and see if that statute in some way relates to this conviction of sexual abuse, or found that it did. My point, Your Honor, is that the relating to language isn't as important in the cases of Wilkes and Sinneres and Farmer because those cases were more difficult than this case because the State conviction they had wasn't the exact match of the language used by the generic offense that's referred to. Where in 2251 is the language on which you're allying? Excuse me? Where in 2251, rather, is the language? Where is 2251? Where in 2251? Is the language relating to? Yes. You'll see 2251 specifically provides that an individual convicted. You need to give me a subsection. Your Honor, 2251 is the enhancement section. I understand. I have it in front of me. I need you to tell me where specifically. 2251, subsection E. Okay. Provides any individual who violates or attempts to violate shall be fined accordingly. It goes on to say if a person is convicted under the laws of any State relating to aggravated sexual abuse, sexual abuse, abuse of sexual conduct involving a minor, or sex trafficking, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such a person shall be fined under this title for not less than 25 years. It also goes on to define if a person has. So you think all of those are mutually exclusive categories? Sexual abuse relating to aggravated sexual abuse, sexual abuse relating to abuse of sexual conduct involving a minor, or sex trafficking, or relating to the production, possession, or receipt? These are all separate categories? They're all the same category of State convictions, and those State convictions would be separate types of State convictions. All of those relate to the sexual exploitation of children. But most importantly, 2251E clearly provides that a person who has a previous conviction for possession of child pornography, that's the type, exact type of prior conviction that Congress intended to be used as a sentencing enhancement, which is what the Court did here. Is it a categorical match, Your Honor? Okay. Thank you. Thank you, Your Honor. Your Honors, I think that the government's attempt to sort of change the categorical analysis in this case is simply incorrect. There was discussion about how ACCA includes elements, but it doesn't. If we look at that statute, it only includes the word convictions. And the cases that we've looked at, scenarios, wiles, talk about Taylor, the same approach. So, again, the first step — I'm sorry. Are you addressing the argument counsel just made? I mean, she points out that 2251D specifically lists crimes relating to possession. Correct. And your client clearly was convicted of a crime involving possession of child pornography. Correct. So how can a crime that actually involves possession of child pornography not be a crime that relates to child pornography? I think that's the government's argument, in a nutshell. I agree. In a nutshell, that is their argument. And I think that the — Sounds like an argument to me. I don't know. Well, again, if we use a categorical approach, or even a modified categorical approach, which I don't think we get to because the statute is not divisible, however — Let's not go over the details. If we use an approach, then what we have to do is compare the elements. If we compare the elements of state production — excuse me, state possession to federal possession, they simply are not the same. There are approximately, I believe, seven different subcategories that can qualify as state child pornography. There are, I believe, five subcategories of federal. And as we briefed, they simply don't add up. So, again, from a categorical perspective, we need to look at the elements. The elements of the state offense do not match. So I guess that gets us to the question of whether the relating to language creates enough play in the joints, why they don't have to match. Yes, I suppose that's correct. But I think in order to get there, we'd have to interpret the relating to language as removing the categorical approach as a whole. And I think under Cenarius and under Wiles, we don't do that. At best, in Wiles, they said that attempt related to. Well, we don't have an attempt issue here. They still require an elemental match between the offenses, as those offenses have been defined in Cenarius and Wiles. And that's where it seems to me is the crux of the argument here. The government wants to avoid any sort of tailor application by not looking at the elements. And to pick up on the court's notice issue, I don't see how any defendant can have notice as to what offenses qualify when we've still yet to hear what the elements are. The government still has not told us what the elements apply to this categorical analysis. So if the government can't articulate it, I don't know how a defendant could possibly articulate it. Okay. You're out of time. Thank you. Thank you. Cases are, your time is submitted.
judges: Kozinski, Rawlinson, Bea